John CLARK, Plaintiff,

v.

**INSURANCE CAR RENTALS INC. d/b/a Aaron Rent–a– Car, Defendant.**

**Equal Employment Opportunity Commission, Plaintiff,**

v.

**Insurance Car Rentals, d/b/a Aaron Rent–a–Car, Defendant.**

**Nos. 98 C 6466, 98 C 8261.**

United States District Court, N.D. Illinois, Eastern Division.

March 25, 1999.

John Grover Foreman, Barbara Naretto Petrungaro, Christian G. Spesia, John Matthew Spesia, Spesia & Ayers, Joliet, IL, for John Clark, plaintiff.

Ethan Cohen, U.S. Equal Employment Opportunity Commission, Chicago, IL, for E.E.O.C., plaintiff.

John J. Murphy, Jr., Brittain, Sledz, Morris & Slovak, Chicago, IL, for Insurance Car Rentals, Inc., defendant.

### MEMORANDUM OPINION AND ORDER

ALESIA, District Judge.

Before the court is defendant's motion for a finding of relatedness and for reassignment of case number 98 C 8261 to this court's docket pursuant to Local General

Rule 2.31. For the following reasons, the court denies defendant's motion.

## I. BACKGROUND

On October 15, 1998, plaintiff John Clark ("Clark") filed suit against defendant Insurance Car Rentals III, Inc. ("ICR"), Clark's former employer. The case was given the number 98 C 6466 and assigned to this court. Clark's complaint contains two counts. Count I is a claim under Section 1981 of the Civil Rights Act of 1870, 42 U.S.C. § 1981, alleging that ICR discriminated against him by failing to promote him and by firing him because he is African American. Count II is a state-law claim for retaliatory discharge, alleging that ICR fired him in retaliation for his exercise of protected rights under the Illinois Workers Compensation Act.

On December 23, 1998, the Equal Employment Opportunity Commission ("EEOC") filed suit against ICR. The case was given the number 98 C 8261 and assigned to Judge Elaine E. Bucklo. In its complaint, the EEOC alleges that ICR discriminated against Clark and a class of current and former African American employees in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000 *et seq.*, and Title I of the Civil Rights Act of 1991, 42 U.S.C. § 1981a. The EEOC alleges that ICR discriminated against Clark and the putative class members by failing to promote and firing Clark and the putative class members because of their race.

On February 9, 1999, ICR filed a motion for a finding of relatedness and for reassignment of case number 98 C 8261 pursuant to Local General Rule 2.31. The court addresses ICR's motion below.

## II. DISCUSSION

■ In order for a case to be reassigned pursuant to Local General Rule 2.31 ("Rule 2.31"), the movant must show that the following two requirements are satisfied: (1) the cases must be "related" as that term is defined by Rule 2.31(A) and (2) the four conditions stated in Rule 2.31(B) must be satisfied. LOCAL GEN.R. 2.31. The decision of whether to reassign

a case lies within the sound discretion of the trial court. *United States v. Petersen Sand and Gravel, Inc.*, No. 91 C 5835, 1992 WL 281407, at *1 (N.D.Ill. Oct.8, 1992).

■ The first issue that the court must address is whether Clark's case against ICR ("the Clark case") and the EEOC's case against ICR ("the EEOC case") are related as that term is defined by Rule 2.31(A). Rule 2.31(A) provides that cases are "related" if "(1) the cases involve the same property; (2) the cases involve the same issues of fact or law; [or] (3) the cases grow out of the same transaction or occurrence." LOCAL GEN.R. 2.31(A)(1)–(3).

ICR contends that the cases are related because they involve the same issues of law and fact. It is true that both cases involve the issue of whether ICR discriminated against Clark by failing to promote him and by firing him because of his race. The EEOC correctly notes, however, that while there is an overlap of some issues in the two cases, there are multiple issues of law and fact that are unique to each of the cases. The Clark case will involve issues that are irrelevant to the EEOC case, such as (1) whether ICR retaliated against Clark for filing a worker's compensation claim; (2) whether each denial of a promotion constituted a denial of a contract actionable under § 1981; and (3) whether ICR's conduct violated § 1981 and/or state tort law. Similarly, the EEOC case will involve issues irrelevant to the Clark case, such as (1) whether, contrary to ICR's denials, ICR has the statutory minimum of fifteen employees required to be a covered employer under Title VII because it employs that number of workers, it is considered a joint enterprise with another entity, it is considered an integrated enterprise, or the corporate veil between ICR and affiliated companies should be pierced; (2) whether the other members of the putative class, besides Clark, were either not promoted or fired because they are African American; (3) whether the putative class should be certified; and (4) whether ICR's

conduct violated Title VII and/or § 1981a. The issues unique to each of the cases predominate over the issues common to both cases.

Given that the unique issues in these cases predominate over the common issues, the question is what is meant by the "same" issues of law or fact. Addressing this question, another district court judge found that Rule 2.31's "use of the word 'the,' rather than 'some' or 'a,' connotes that the commonality required under the relatedness rule cannot be incidental, but must to some degree predominate." *Petersen Sand and Gravel*, 1992 WL 281407, at *2. Applying this standard, the *Petersen* court found that two cases were not related because although they involved some common issues of fact, the number of uncommon issues predominated. *Id.*

Like the *Petersen* court, this court believes that Rule 2.31's use of the word "same" as opposed to "some" or "a" connotes that the commonality required under Rule 2.31 must to some degree predominate. In this case, the issues unique to each case predominate over the common issues. Accordingly, the court finds that the cases do not involve the "same issues of fact or law" as that phrase is contemplated in Rule 2.31.

ICR also argues that the cases are related because they "grow out of the same transaction or occurrence, namely the decisions by Defendant to fill certain supervisory positions that were not gained by Clark as well as the decision to terminate Clark." It is true that a part of the EEOC case and the Clark case grow out of the same transaction or occurrence, which is ICR's decisions to not promote and to fire Clark. However, a larger part of the EEOC case grows out of transactions or occurrences not involved in the Clark case, which are ICR's decisions to not promote and to fire the other members of the putative class. Thus, because the predominant part of the EEOC case grows out of different, not the same, transactions or occurrences, the court finds that the cases do not grow out of the "same transaction or occurrence."

■ Even if the cases were "related" under Rule 2.31(A), the court finds that reassignment would not be proper under Rule 2.31(B). Rule 2.31(B) provides that related cases may be reassigned if the movant shows that: (1) both cases are pending in the Northern District of Illinois; (2) the handling of both cases by the same judge is likely to result in a substantial saving of judicial time and effort; (3) the earlier case has not progressed to the point where designating a later filed case as related would be likely to delay substantially the proceedings in the earlier case; and (4) the cases are susceptible of disposition in a single proceeding. LOCAL GEN.R. 2.31(B). In this case, it is the second and fourth requirements that concern the court.

As to the second requirement, there is no showing that the handling of both cases by the same judge is likely to result in a substantial saving of judicial time and effort. First, as explained above, there are few common issues involved in these cases; the number and complexity of the issues unique to each case predominates over the common issues. Thus, the predominate portion of judicial time will be spent on issues that are not common to both cases. Second, it will be difficult and unfair to the Clark case to coordinate discovery in the two cases. The EEOC case necessarily involves a number of discovery issues with respect to class certification, coverage of Title VII, and individual class members' claims that the Clark case does not involve. Thus, discovery in the EEOC case will be much more complicated and take longer to complete. Third, the court cannot see that there would be any substantive motions that would be able to be filed or decided jointly. The EEOC's motion for class certification will apply only to the EEOC case, and any summary judgment motions would be unique to the particular case because of the different issues of law and fact involved. Finally, the court would

not try these cases together because of the predominance of the unique issues of fact and law.

As to the fourth requirement, ICR has made no showing that the cases are susceptible of disposition in a single proceeding. ICR merely argues that the "cases are 'susceptible of disposition in a single proceeding' within the meaning of Rule 2.31(b)(4)." ICR does not explain how this is so; ICR only mentions "that this does not necessarily mean that all claims in both suits will eventually be tried together." ICR does quote a line from *Billis*, which states that in that case, the "common questions of fact are 'susceptible in a joint hearing.'" *Billis v. Chicago Transit Auth.*, 1992 WL 88449, at \*3 (N.D.Ill. Apr.27, 1992).

Contrary to ICR's assertions, the court is unable to see how these cases are susceptible to disposition in a single proceeding. First, the court would not try these cases together because of the number of unique factual and legal issues involved in each case. Second, any motions for summary judgment would also be unique to the particular case. Finally, both the EEOC and Clark have demanded a jury trial; thus, the court could not hold an evidentiary hearing on any common questions of fact. Thus, the court finds that these cases are not susceptible to disposition in a single proceeding.

## III. CONCLUSION

For the foregoing reasons, the court denies defendant's motion for reassignment of case number 98 C 8261.